**SHERMAN v. O'SULLIVAN et al. ***

No. 5134.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 13, 1935.

Irion & Switzer, of Shreveport, for appellant.

Hussey & Smith and Craig, Bolin, Magee & Baucum, all of Shreveport, for appellees.

DREW, Judge.

Dr. H. A. Sherman filed this suit against B. L. Engel and Mrs. M. A. O'Sullivan for $286.50, for damages done to his automobile when it was run into by a car operated by defendants.

Defendants answered, denying liability, and coupled therewith a call in warranty to the Continental Casualty Company, insurer of Engel against such accidents and damages occasioned thereby.

The Continental Casualty Company filed an exception to the call in warranty, which exception of no cause of action was overruled below, and is again urged here.

The case was submitted to the lower court on an agreed statement of facts, wherein it is admitted that Mr. Engel and Mrs. O'Sullivan are liable to Dr. Sherman for the damage to his car, and the amount of damage is agreed to be $196.50, plus interest and costs. The agreed statement of facts is as follows:

"It is admitted for the purpose of the trial of this case that an automobile was rented by B. L. Engel from the S & L Service & Storage Company, Inc., of Shreveport, on the night of April 14, 1934, for the purpose of filling an engagement with Mrs. M. A. O'Sullivan to go to a night club near Shreveport. It is admitted that the rental agreement was signed by Mr. B. L. Engel and that Mr. Engel requested that Mrs. O'Sullivan drive the car, and that in returning to Shreveport late that night while the car was being driven by Mrs. O'Sullivan, she collided with the parked automobile of Dr. Henry A. Sherman.

"It is admitted that the rented car was being driven by Mrs. O'Sullivan at the time of the collision and that the total damage to Dr. Sherman's automobile resulting from the collision amounted to

*Rehearing denied Dec. 31, 1935.

344

$196.50, for which Mr. Engel and Mrs. O'Sullivan are responsible.

"It is admitted that at the time of the collision Mrs. O'Sullivan was driving the car at the request of Mr. Engel who accompanied her.

"It is admitted that she received no monetary compensation for driving the automobile, and did not work for B. L. Engel.

"It is admitted that Mr. Engel paid a valuable consideration for insurance covering the automobile and that the policy of the Continental Casualty Company filed in this case on January 25, 1935, is a true copy of the insurance policy issued to cover the ·rental of the said automobile and that said policy was in force at the time of the accident.

"It is agreed that the total amount for which Mr. Engel and Mrs. O'Sullivan are responsible shall be $196.50, plus legal interest from judicial demand and cost, and it is agreed that judgment herein shall not be returned against Mr. Engel and Mrs. O'Sullivan until the court shall pass upon the liability of the parties called in warranty herein."

Under this agreed statement of facts, the issues are reduced to the question of liability of the Continental Casualty Company. It denies liability, relying entirely on the following provision of the contract of insurance: "This policy does not cover any liability of the renter or driver in respect of injuries, * * * while being operated or manipulated by any person other than the renter who signed the rental agreement, or his employee. * * *"

The lower court rendered judgment for plaintiff against the defendants, Engel and O'Sullivan, in the amount agreed upon as damages, and in favor of Engel and O'Sullivan against the insurer for a like amount. The insurance company perfected this appeal.

The exception of no cause of action, we think, is without merit. The plain wording of the policy makes it the duty of the insurance company to defend for the assured any suit for damages on account of injuries or destruction of property, and to pay all costs of the defense. This is the contract between the insured and the insurer, and upon the failure of the insurer to live up to its contract, insured had the right to force it to do so by a call in warranty. Article 378, Code of Practice;

Muntz v. Algiers & G. R. Co., 114 La. 437, 38 So. 410.

Under Act No. 55 of 1930 (amending Act No. 253 of 1918), the plaintiff could have sued Engel, Mrs. O'Sullivan, and the insurance company, or he could have sued the insurance company alone. Plaintiff failed to sue the insurance company, and under the contract of insurance, the defendant rightfully called it in warranty to defend the suit. The exception of no cause of action was correctly overruled by the lower court.

A determination of the merits of the case depends upon the interpretation given to the word "employee," as used in the said contract of insurance. The defense is highly technical. The policy was not issued due to any special qualifications possessed by Mr. Engel as a driver. The word "employee," as used in the policy, is used synonymously with "agent," and the purpose of the clause is to prevent the insurer from becoming liable for an accident caused by a driver using the car without the consent and out of the presence of Mr. Engel. If Mr. Engel had loaned the car to a third person and an accident had occurred, the insurer would not have been liable, but if he had employed a chauffeur to drive for him, it would have been liable. The fact that he secured a chauffeur, without pay, can make no difference. His companion was acting as chauffeur, at his request, and he was present in the car on the same seat with her. It is suggested in defendant's brief that the reason Mrs. O'Sullivan drove the car was because Mr. Engel, a New York man, was under the impression that he would be violating the laws of Louisiana if he drove without a driver's license. A very strict interpretation of the word "employee" might possibly be a bar to plaintiff's recovery, but when we consider an employee as an agent (which is the correct meaning of the word), we find that Mrs. O'Sullivan was Mr. Engel's agent at the time and was driving with his consent, at his request and subject to his orders. The car was under the control of Mr. Engel as much as if a paid chauffeur had been driving. The mere fact that Mrs. O'Sullivan was driving without an agreement to be paid, could not bar the right of plaintiff to recover from the insurance company or the right of Engel to recover against the insurer.

The judgment of the lower court is correct, and is affirmed, with costs.